IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RUFUS E. BROWN,
JAMES R. BROWN, and
BERNEICE WILLIAMS

        **Plaintiffs,**

   **v.**            CASE NO. 08-3311-SAC

PETER FRANCIS JUDE BEAGLE
LAW OFFICE, et al.,

        **Defendants.**

**O R D E R**

   This matter is before the court on a complaint submitted pro se by Berneice Williams who proceeds on her own behalf as one of three plaintiffs, and through purported powers of attorney on behalf of her two sons who are incarcerated in federal institutions in Colorado and Florida. Also before the court is Berneice Williams' motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

   Having reviewed the record, the court first construes the pro se complaint as one in which Berneice Williams is the sole plaintiff. Federal law allows two types of representation in court: by an attorney admitted to the practice of law by the applicable regulatory body, or by a person representing himself. 28 U.S.C. § 1654. A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law. *See e.g.*, DePonceau v. Pataki, 315 F.Supp.2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be

used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney). Because Berneice Williams is the only plaintiff who has signed any pleading in this action, the court finds the remaining two parties named as plaintiffs should be dismissed without prejudice.[1]

Second, the court grants Berneice Williams' motion for leave to proceed in forma pauperis, but finds the complaint is subject to being summarily dismissed because this court lacks personal jurisdiction over any of the named defendants, and because venue in the District of Kansas is improper.[2]

The court is to dismiss a case in which in forma pauperis status has been granted if at any time the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(1)-(iii).[3] A district court may also dismiss a complaint filed by an

---

[1] Where Rufus Brown and James Brown signed no pleadings, the court finds dismissal without prejudice of these prisoner plaintiffs from the complaint will *not* result in either prisoner having to pay the $350.00 district court filing fee that would otherwise be required by the Prisoner Litigation Reform Act. *See e.g.* Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004)(prisoner plaintiffs permitted to join as plaintiffs in a single action must each pay the full district court filing fee); Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001)(prisoner plaintiffs must proceed in separate actions, each responsible for the full district court filing fee).

[2] The show cause order entered in this matter mirrors orders entered in other cases Berneice Williams recently filed in the District of Kansas. *See e.g.*, Williams v. United States Department of Justice, et al., Case No. 08-2631-KHV (Order dated February 19, 2008, listing similar cases filed by Berneice Williams)((Doc. 15, n. 1 in that case).

[3] *See e.g.* Michau v. Charleston County, S.C., 434 F.3d 725 (4th Cir. 2006)(§ 1915(e) "governs IFP filings in addition to complaints

in forma pauperis plaintiff for lack of personal jurisdiction and for improper venue, even though such defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised. Trujillo v. Williams, 465 F.3d 1210, 1216-17 (10th Cir. 2006).

*Personal Jurisdiction*

A court may only consider personal jurisdiction and venue sua sponte, or on the court's own motion, "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Id. at 1217 (*quoting* Fratus v. DeLand, 49 F.3d 673, 674-75 (10th Cir. 1995)). "[T]he district court may dismiss under § 1915 only if 'it is clear that the plaintiff can allege no set of facts' to support personal jurisdiction or venue." Id. (*quoting* Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985)).

A court must have personal jurisdiction, or power, over all defendants in order to hear and decide a case. In the present case, plaintiff Berneice Williams appears to allege the court has both federal question jurisdiction and diversity jurisdiction.

> To obtain personal jurisdiction over a nonresident defendant in a diversity action, "a plaintiff must show both that jurisdiction is proper under the laws of the form state and that the exercise of jurisdiction would not offend due process." Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1224, 1247 (10th Cir. 2000). Because Kansas's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Kansas law collapses into the single due process inquiry. *See* OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d

---

filed by prisoners"); Lister v. Department of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(§ 1915(a)(1) applies to all persons applying for in forma pauperis status).

1086, 1090)(10th Cir. 1998).

Plaintiff[] also assert[s] federal question jurisdiction .... Before a federal court can exercise personal jurisdiction over a defendant in a federal question case, "the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000) (citations omitted). ... Accordingly, under either basis for subject matter jurisdiction, the court must determine whether personal jurisdiction over [defendants] comports with due process.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as the defendant purposefully established "minimum contacts" with the forum state. *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Intercon, 205 F.3d at 1247 (*citing* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)).

"Establishment of minimum contacts with the forum state requires a showing that the defendant 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.'" AST Sports Science, Inc. v. CLF Distrib. Ltd., 514 F.3d 1054, 1057 (10th Cir. 2008) (*quoting* Hanson v. Denckla, 357 U.S. 235, 253 (1958)). "Purposeful establishment of minimum contacts assures a reasonable expectation in the out-of-state defendant that he might be brought into court in the state where he sought to do business and invokes the benefits and protections of the forum state=s laws." Id. at 1057-58 (*quoting* Burger King, 471 U.S. at 472 and Benally v. Amon Carter Museum of W. Art, 858 F.2d 618, 625 (10th Cir. 1988)). "In turn, the purposeful availment requirement also ensures that a defendant will not be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." Id. at 1058 (*quotation and citation omitted*).

This due process standard may be met in two ways. First, a court may exercise specific jurisdiction if a defendant has "purposefully directed his activities at residents of

4

> the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." <u>Intercon</u>, 205 F.3d at 1247 (*quoting* <u>Burger King</u>, 471 U.S. at 472); *accord* <u>Doering v. Copper Mountain, Inc.</u>, 259 F.3d 1202, 1210 (10th Cir. 2001). Second, a court may exercise general jurisdiction if the defendant's contacts with the forum state, while unrelated to the alleged activities upon which the claims are based, are nonetheless "continuous and systematic." <u>Intercon</u>, 205 F.3d at 1247; *accord* <u>Doering</u>, 259 F.3d at 1210.
>
> Even if a defendant's actions created sufficient minimum contacts, the court must still consider whether the exercise of personal jurisdiction "would offend traditional notions of 'fair play and substantial justice.'" <u>Intercon</u>, 205 F.3d at 1247 (*quoting* <u>Burger King</u>, 471 U.S. at 476). This inquiry requires a determination of whether the "exercise of personal jurisdiction over [the] defendant is reasonable in light of the circumstances surrounding the case." <u>Id</u>. (*citing* <u>Burger King</u>, 471 U.S. at 477-78); *accord* <u>Peay</u>, 205 F.3d at 1212. In making this determination, the court considers the following factors: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." <u>OMI Holdings</u>, 149 F.3d at 1095 (*citing* <u>Asahi Metal Indus. Co. v. Superior Court of Cal.</u>, 480 U.S. 102, 113 (1987)). Moreover, an interplay exists between the reasonableness analysis and the minimum contacts analysis: "[T]he reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction. The reverse is equally true: an especially strong showing of reasonableness may serve to fortify a borderline showing of minimum contacts." <u>Id</u>. at 1092 (*quoting* <u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 210 (1st Cir. 1994)).

<u>US Bioservices Corp. v. Lugo</u>, No. 08-2342, 2008 WL 4747473, at *1-*2 (D.Kan. Oct. 23, 2008).

5

In the present case, it does not appear that any of the defendants named in the complaint are residents of Kansas, or that they took any action in Kansas related to any claim in the complaint. The only connection with Kansas appears to be that it is the state where Berneice Williams resides.[4] The complaint is thus subject to being summarily dismissed for lack of personal jurisdiction.

*Venue*

"'Venue' refers to the place where a lawsuit should be brought, and must be proper for each claim pleaded." Sheldon v. Khanal, No. 07-2112, 2007 WL 4233628 at *2 (D.Kan. Nov. 29, 2007). Under 28 U.S.C. § 1391(b), venue in a case wherein jurisdiction is not based solely on diversity of citizenship is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, it does not appear that any defendant resides in Kansas or can be found in Kansas. Further, the complaint submitted by Berneice Williams does not allege any facts that a substantial part of the events giving rise to her claims occurred in Kansas. Thus the District of Kansas is improper venue for this action.

### NOTICE AND SHOW CAUSE ORDER TO PLAINTIFFS

For the reasons stated here, the court construes the pro se

---

[4] The criminal prosecutions of Berneice Williams' sons, and their subsequent incarcerations, took place outside of Kansas.

complaint as one in which Berneice Williams proceeds as the sole plaintiff, and dismisses without prejudice the remaining two plaintiffs identified in the caption.  Additionally, Berneice Williams is directed to show cause why the complaint should not be dismissed for lack of personal jurisdiction and improper venue.  The failure to file a timely response will result in the complaint being so construed and dismissed for the reasons stated herein, without further prior notice.

IT IS THEREFORE ORDERED that the motion for leave to proceed in forma pauperis filed by Berneice Williams (Doc. 2) is granted, and that the motion for appointment of counsel filed by Berneice Williams (Doc. 4) is denied without prejudice.

IT IS FURTHER ORDERED that all James Brown and Rufus Brown are dismissed without prejudice as parties in this action, and that Berneice Williams remains the sole plaintiff.

IT IS FURTHER ORDERED that plaintiff Berneice Williams is granted fifteen (15) days to show cause why the complaint should not be dismissed without prejudice for lack of personal jurisdiction over any named defendant, and for improper venue.

**IT IS SO ORDERED.**

DATED:  This 3rd day of March 2005 at Topeka, Kansas.


 s/ Sam A. Crow   
SAM A. CROW  
U.S. Senior District Judge